# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL BRIEF OF APPELLANT

**Case Number:** 25-1300

**Short Case Caption:** El Malik V McDonough

**Name of Appellant:** Rashid El Malik

---

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages.

Attach a copy of the opinion, order, and/or judgment of the Court of Appeals for Veterans Claims. You may also attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

---

1. Have you ever had another case in this court?  ☑ Yes  ☐ No
   If yes, state the name and number of each case.

   > El Malik v McDonough 23-2279  / El Malik v McDonough 25-1300
   > El Malik v US 24-1746
   > In Re El Malik 25-102

2. Did the Court of Appeals for Veterans Claims decision involve the validity or interpretation of a statute or regulation?  ☑ Yes  ☐ No

   If yes, what are your arguments concerning those issues?

   > Failed to acknowledge See Attached document

3.  Did the Court of Appeals for Veterans Claims decide constitutional issues?

    ☑ Yes    ☐ No

    If yes, what are your arguments concerning those issues?

    > violation of a constititional issue
    >
    > See attach document

4.  Did the Court of Appeals for Veterans Claims fail to decide any other issue correctly?    ☑ Yes    ☐ No

    If yes, how?

    > See Atttached Document

5.  Are there other arguments you wish to make?    ☑ Yes    ☐ No
    If yes, what are the arguments?

    > See Atttached Document

6.  What action do you want this court to take in this case?

Addresses the constitutional violations
Nullifies the improper Board modification
Mandates specific timeframes for implementation
Establishes oversight mechanisms
Creates binding precedent to prevent similar issues
Ensures expedited handling for catastrophic cases

Date: 01/16/2025

Signature: _Rashid El Malik_

Name: Rashid El Malik

**IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| Rashid El Malik, | : |
| Appellant, | : BRIEF IN SUPPORT OF APPELLANT |
| v. | : |
| Denis McDonough, | : |
| Secretary of Veterans Affairs, | : |
| Appellee. | : |

Appeal from the United States Court of Appeals for Veterans Claims
in Case No. 24-5450, Judge William S. Greenberg

**BRIEF OF APPELLANT**

**JURISDICTIONAL STATEMENT**

The Federal Circuit has the power to review the validity of a CAVC decision based on a rule of law or interpretation of a statute or regulation. The Federal Circuit cannot review a CAVC decision based on a factual determination or application of a law to a particular case unless a constitutional issue is presented. The Federal Circuit has jurisdiction to review the Veterans Court's decision whether to grant a mandamus petition that raises a non-frivolous legal question." Beasley v. Shinseki, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

**BRIEF OF APPELLANT**

In this case, the appellant, a veteran seeking implementation of awarded benefits, challenges the CAVC decision to dismiss a writ of mandamus.

**This dismissal raises significant concerns in three key areas**:

1. **Constitutional issues:** The CAVC's action potentially violates the veteran's due process rights protected under the Fifth Amendment.
2. **Procedural irregularities:** The dismissal appears to deviate from established legal procedures for handling writs of mandamus in veterans' cases.
3. **Incomplete record review:** There are indications that the CAVC may have declined to review the complete record, including crucial evidence of ongoing controversy and non-compliance.

These interrelated issues collectively undermine the integrity of the adjudication process and warrant careful review by this Court to ensure proper protection of veterans' rights and benefits.

**STATEMENT OF THE ISSUES**

1. The Veterans Court improperly divested the veteran of a constitutionally protected benefit when dismissing his writ of mandamus, despite a clear record demonstrating an ongoing controversy where VR&E twice defied Board implementation orders (April 2022 and August 2024), ignored the congressman communications through Congressional channels, and continued to obstruct implementation of the granted benefits.

The veteran was granted a constitutional protected benefit on April 7, 2022, and was contacted by the congressmen office that the BVA will not be responding to the Regional Office Clarification Memorandum and was waiting for a response from VR&E.

2

2. The Veterans Court erred in dismissing the veteran's writ of mandamus by mischaracterizing the VR&E actions as mere "confusion over the procurement process." This characterization fails to acknowledge VR&E's deliberate non-compliance with binding Board of Veterans' Appeals grant orders and its disregard for Congressional inquiries into the matter. The Court's dismissal overlooks the serious nature of VR&E's refusal to implement a final Board decision, which violates the principle that VA must comply with Board decisions as stated in M28R, Part III, Section C, Chapter 3. This situation goes beyond simple confusion and represents a significant breach of the VA's duty to assist veterans and execute Board directives promptly, potentially depriving the veteran of rightfully awarded benefits.

2. CAVC erred in its determination that the Department of Veterans Affairs (VA) was not "refusing to implement" the April 2022 Board decision. This conclusion is contradicted by substantial evidence in the record demonstrating:
- The chief of VR&E in 2018 providing false information into the record that the Board used to deny veteran benefits
- The VA's repeated failures to execute the Board's order over an extended period after the discovery of the false documents
- Unauthorized attempts by the same office that provide the false document to modify the Board's decision without following proper legal procedures
- The VA's disregard for Congressional inquiries into the matter.
- The VA's improper characterization non-compliance as mere "confusion" over procurement processes.

These actions collectively constitute a pervasive and systemic pattern of deliberate non-compliance with a binding Board decision, far exceeding mere inaction or confusion. The VR&E's conduct demonstrates a calculated disregard for the veteran's legally established rights. The CAVC's failure to recognize and address this egregious pattern represents not only a misapplication of law but

also a fundamental misinterpretation of the clear and compelling evidence presented in the record.

This oversight by the CAVC effectively sanctions the VA's defiance of established legal principles and potentially sets a dangerous precedent that undermines the entire veterans' benefits adjudication system.

These actions collectively constitute a pattern of deliberate non-compliance with a binding Board decision, rather than simple inaction or confusion. The CAVC's failure to recognize this pattern represents a misapplication of law and a misinterpretation of the facts presented in the record.

4. The Board of Veterans' Appeals violated the finality rule by unilaterally modifying a previous grant decision without adhering to proper due process procedures. This action circumvented the established requirement for filing a Clear and Unmistakable Error (CUE) claim, which is the appropriate mechanism for revising final Board decisions. By altering a final grant without a CUE determination, the Board undermined the principles of finality and due process that are fundamental to the veterans' claims system, potentially depriving the veteran of rightfully awarded benefits.

## STATEMENT OF THE CASE

### A. Nature of the Case

This appeal challenges the CAVC's denial of a petition for writ of mandamus seeking to compel implementation of an April 7, 2022 Board of Veterans' Appeals grant order for home adaptations for a catastrophically disabled veteran.

### B. Course of Proceedings

On April 7, 2022, the Board granted Mr. El Malik's request for specific home adaptations, including hardwood flooring installation.

Despite this clear directive, VA officials systematically delayed and obstructed implementation through a series of actions and inactions:

1. VR&E issuing a November 1, 2022, memorandum seeking clarification of a Board grant order that the Board never received until August 2024.
2. VR&E's actions resulted in significant and unreasonable delays:

   After the initial Board remand in April 2022, of nine additional components VR&E entered the clarification request in the Supplemental Statements of the Case (SSOC's). The Board then remanded the case three more times. Despite these multiple remands and delays, the Board never responded to the memorandum, and VR&E informed the CAVC that they had sent a Memorandum to the Board.

   This sequence of events demonstrates a pattern of prolonged processing and potential miscommunication between VR&E and the Board, ultimately leading to extended wait times for the veteran. The discrepancy between VR&E's actions and their statement to the CAVC raises questions about the accuracy of information provided to the court and the efficiency of the claims process.

   3. The VA's handling of this case reveals a troubling pattern of delays and potential misconduct. In a concerning development, VA officials claimed a need for "clarification" after a two-year period of inaction, providing no justification for this extended delay. This request for clarification came long after the initial decision, raising questions about the VA's commitment to timely implementation of benefits.

   4. Further exacerbating the situation, VA officials disregarded a Congressional inquiry into the matter. Even more alarmingly, they ignored a subsequent Board order issued in August 2024 that explicitly directed implementation of the previously granted benefits. This blatant disregard for both Congressional oversight and the Board's authority demonstrates a serious breach of the VA's responsibilities to veterans and the chain of command within the benefits system which prompt the writ.

5. In October 2024, the VA took the unprecedented step of attempting to retroactively modify the original grant through an unauthorized Board decision. This action not only lacks legal standing but also violates fundamental principles of administrative law and due process and violate the veteran constructional rights. Part of the veteran 2022 grant was taken away without due process.

Attempting to alter a final decision without proper procedures undermines the integrity of the entire veterans' benefits system and raises serious questions about the VA's adherence to its own rules and regulations.

This sequence of events paints a picture of an agency failing to fulfill its obligations to veterans, disregarding proper procedures, and potentially violating legal and ethical standards in its handling of benefits claims.

Mr. El Malik petitioned the CAVC for a writ of mandamus on August 5, 2024. The CAVC denied the petition on October 31, 2024, characterizing the matter as mere "confusion over the procurement process."

## ARGUMENT

## I. THE CAVC'S FAILURE TO ADDRESS PETITIONER'S CATASTROPHIC DISABILITY STATUS CONSTITUTES REVERSIBLE ERROR

### A. Heightened Duty of Care for Catastrophically Disabled Veterans

The VA has a clear legal obligation to provide expedited and prioritized care to catastrophically disabled veterans, as established in 38 U.S.C. § 1717 and 38 C.F.R. § 17.36(e). These provisions define catastrophically disabled veterans and outline their priority status for VA services. In this case, Mr. El Malik filed for expedited treatment under Rule 47(a)(3), because of his catastrophic condition prompting the CAVC to order the Secretary to respond to the writ within 14 days.

On September 4, 2024, the respondent requested a 14-day extension, which the Court granted immediately on the same day. Mr. El Malik then asked the Court to reconsider the decision, citing a violation of U.S. Vet. App. R. 26(b)(1)(E)(2) and arguing that it infringed upon his due process rights and constituted an abuse of discretion.

The VA subsequently received two additional granted extension requests. While the Court granted these, it denied a third request. Notably, the Court did not address Mr. El Malik's claim regarding the violation of U.S. Vet. App. R. 26(b)(1)(E)(2) in its decisions.

This sequence of events raises concerns about the VA's handling of catastrophically disabled veterans' cases, which are meant to receive expedited treatment. The multiple extensions granted to the VA appear to contradict the spirit of expedited processing for catastrophically disabled veterans, as outlined in VA regulations

The CAVC's decision makes no mention of Mr. El Malik's catastrophic disability status, demonstrating a fundamental failure to consider a crucial factor in evaluating the adequacy of alternative remedies and the urgency of implementation.

## B. Impact of Disability Status on Assessment of Alternative Means

The catastrophic nature of Mr. El Malik's disabilities directly affects:
1. The urgency of implementing home adaptations
2. The practicality of pursuing additional administrative remedies
3. The assessment of what constitutes unreasonable delay

## II. THE CAVC APPLIED AN ERRONEOUSLY NARROW STANDARD IN ASSESSING "AD    JATE ALTERNATIVE MEANS

On September 4, 2024, the respondent requested a 14-day extension, which the Court granted immediately on the same day. Mr. El Malik then asked the Court to reconsider the decision, citing a violation of U.S. Vet. App. R. 26(b)(1)(E)(2) and arguing that it infringed upon his due process rights and constituted an abuse of discretion.

The VA subsequently received two additional granted extension requests. While the Court granted these, it denied a third request. Notably, the Court did not address Mr. El Malik's claim regarding the violation of U.S. Vet. App. R. 26(b)(1)(E)(2) in its decisions.

This sequence of events raises concerns about the VA's handling of catastrophically disabled veterans' cases, which are meant to receive expedited treatment. The multiple extensions granted to the VA appear to contradict the spirit of expedited processing for catastrophically disabled veterans, as outlined in VA regulations

The CAVC's decision makes no mention of Mr. El Malik's catastrophic disability status, demonstrating a fundamental failure to consider a crucial factor in evaluating the adequacy of alternative remedies and the urgency of implementation.

## B. Impact of Disability Status on Assessment of Alternative Means

The catastrophic nature of Mr. El Malik's disabilities directly affects:
1. The urgency of implementing home adaptations
2. The practicality of pursuing additional administrative remedies
3. The assessment of what constitutes unreasonable delay

## II. THE CAVC APPLIED AN ERRONEOUSLY NARROW STANDARD IN ASSESSING "ADEQUATE ALTERNATIVE MEANS"

## A. Legal Standard

A writ of mandamus requires showing: (1) lack of adequate alternative means for relief, (2) clear and indisputable right to the writ, and (3) that issuance is warranted. Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004).

## B. The CAVC Failed to Consider Evidence of Systemic Obstruction

In a troubling case highlighting systemic issues within the VA and potential judicial oversight failures, CAVC dismissed a writ of mandamus filed by Mr. El Malik, a catastrophically disabled veteran seeking implementation of awarded benefits. This dismissal raises significant concerns about the VA's handling of veterans' claims and the court's role in ensuring proper execution of benefit awards.

The CAVC's suggestion that Mr. El Malik had adequate alternatives by simply "reaching out to SAH" ignores a well-documented pattern of obstruction by the VA. Two failed referrals to SAH had already occurred, and VA officials demonstrated a consistent pattern of failing to act on valid referrals, claiming need for clarification after inexplicable delays, disregarding Congressional intervention, and attempting unauthorized modification of Board orders.

The record clearly shows multiple instances of the VA's failure to implement the awarded benefits, including abandoned referrals, an unexplained two-year delay before claiming need for clarification, blatant disregard of an August 2024 Board order explicitly directing implementation, and an improper attempt to retroactively modify the grant. Despite this compelling evidence, the CAVC inexplicably characterized these actions as mere "confusion over procurement," failing to acknowledge their deliberate nature and the severe impact on a catastrophically disabled veteran.

In its decision, the CAVC disregarded critical evidence, including Congressional oversight efforts and Board directives. The court also failed to address material omissions in a VA official's declaration by Eric Costello Chief of VR&E, which

excluded mention of the Congressional inquiry, the Board's August 2024 order, the November 1, 2022 memorandum, the 2018, filling of false information that the Board used to deny the components granted in the 2022 decision, the history of failed implementation attempts, and Mr. El Malik's catastrophic disability status.

This selective consideration of evidence violates the principle established in 38 U.S.C. § 5103A and 38 CFR § 3.159. These provisions collectively establish the VA's obligation to review all relevant evidence in the record when adjudicating a veteran's claim for benefits.

Further compounding these issues, the VA's attempt to modify the April 2022 grant in October 2024 violates established principles of finality and due process. Only the original judge may modify a decision, and such modifications require a formal Clear and Unmistakable Error (CUE) finding. The VA's actions in this regard demonstrate a systematic disregard for proper procedures and Mr. El Malik's due process rights. The Court cited Secretary response at 2-4 37, 38; id Attachment B; thereby, introducing the October 1, 2024 Board decision that unilaterally changed the board April 2022, and August 2024 decision granting the four components into the record.

Perhaps most egregiously, the CAVC failed to consider Mr. El Malik's catastrophic disability status in its analysis, a clear violation of the standards set forth in Martin v. O'Rourke. This case requires courts to consider the nature of interests prejudiced by delay, particularly in cases impacting health and welfare. By overlooking this crucial factor, the court failed to apply the heightened scrutiny necessary for cases involving catastrophically disabled veterans, fundamentally undermining its conclusion about the adequacy of alternative remedies.

The CAVC's dismissal of Mr. El Malik's writ of mandamus ultimately raises serious concerns about judicial oversight and the VA's handling of benefits for catastrophically disabled veterans. The court's failure to address critical evidence and apply relevant legal standards undermines the integrity of the

veterans' benefits system and potentially leaves vulnerable veterans without adequate recourse. This case serves as a stark reminder of the need for vigilant oversight and strict adherence to established legal principles in the administration of veterans' benefits, particularly for those most in need of timely and effective assistance.

**CAVC's Dismissal of Veteran's Writ Raises Concerns Over Systematic VA Obstruction and Judicial Oversight**

The court's decision is criticized for failing to address critical evidence, including Congressional intervention by Congressman Ted Lieu and an explicit Board directive from August 8, 2024, ordering implementation. These omissions, along with the court's failure to consider material omissions in VA official declarations, suggest a selective review process that violates basic principles of judicial review.

The cumulative effect of these omissions and oversights has rendered the CAVC's analysis fundamentally flawed, failing to consider evidence of systematic obstruction, VA's defiance of Congressional and Board oversight, and the unique impact of delays on a catastrophically disabled veteran. This case highlights significant concerns about the VA's handling of benefits for severely disabled veterans and the court's role in ensuring proper execution of benefit awards.

Courts must consider "the record as a whole" when reviewing agency decisions. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). The Court's obligation to review all relevant evidence is fundamental to judicial review. The refusal to implement the hardwood flooring after contracts had been signed by the veterans and contractor highlights CAVC's obstruction.

**Violation of Finality Rules**

The October 2024 decision attempting to modify the April 2022 grant violates established principles:

Speculation about what Board "may not have been aware of" is insufficient basis. The finality rule for VA decisions is established in 38 U.S.C. § 7105(c), which states that decisions of the agency of original jurisdiction become final if not appealed within the prescribed time limit. There are only two statutory exceptions to this rule: reopening a claim with new and material evidence under 38 U.S.C. § 5108, and revision based on clear and unmistakable error (CUE) under 38 U.S.C. §§ 5109A and 7111

The VA violates the finality rule when it attempts to modify or revise the final decision dated April 7, 2022, outside of these statutory exceptions. For example, if the VA unilaterally alters a previous grant decision without following the proper CUE procedures or without the submission of new and material evidence, it would constitute a violation of the finality rule. Here on October 1, 2024 this is exactly what the Board did. This undermines the principles of finality and due process that are fundamental to the veterans' claims system, potentially depriving veterans of rightfully awarded benefits.

## B. Evidence of Systematic Due Process Violations

**The VA's actions demonstrate a pattern of due process violations:**

The VA failure to follow proper procedures for modification, disregard of Congressional oversight, an attempt to retroactively justify non-implementation, caused prejudicial impact on Mr. El Malik's rights

## V. THE COURT'S FAILURE TO ADDRESS CATASTROPHIC DISABILITY STATUS VIOLATES THE MARTIN ANALYSIS

In Martin v. O'Rourke, 891 F.3d 1338, 1344-48 (Fed. Cir. 2018), this Court established that when evaluating unreasonable delay in veterans' cases, courts must consider:

The character and nature of the interests at stake, particularly where health and human welfare are involved, the effect of delays on a particular veteran, and the prejudice to the veteran caused by delay. The Court failed to apply to the evaluation properly.

## 2. Misapplication of "Rule of Reason"

The Court's characterization of this as mere "confusion over procurement" fails to apply Martin's instruction that the rule of reason must account for: the particular circumstances of the veteran, the nature of benefits sought, and the impact of delay on the veteran's condition. Martin requires heightened scrutiny were delays impact health and welfare. The Court's failure to even acknowledge Mr. El Malik's catastrophic status rendered impossible any meaningful analysis of the urgency of his needs, the reasonableness of delays, and the adequacy of alternative remedies.

The Court's oversight fatally undermines its conclusion that alternative remedies are adequate because: It failed to assess how Mr. El Malik's catastrophic status affects his ability to pursue alternatives. It did not consider how delays uniquely impact a catastrophically disabled veteran, and ignored the enhanced obligations toward catastrophically disabled veterans under VA regulations, and that the veteran deck had collapsed making his home a fire trap. The C&P examiner had recommended that all decking area in the home be replace.

## D. Impact on Assessment of VA's Actions

Under Martin, the catastrophic nature of Mr. El Malik's disabilities should have informed the Court's assessment of whether VA's repeated delays were reasonable, whether VA's conduct demonstrated bad faith, or whether extraordinary relief was warranted

The Court's failure to consider this crucial factor rendered its Martin analysis fundamentally defective.

Respectfully submitted

Rashid El Malik
Date: January 15, 2024

Attachment A Eric Costello declaration

Attachment B Attachment Congressman Ted Lieu email

Attachment B Attachment November 1, 2022 memorandum

# EX A



**DEPARTMENT OF VETERANS AFFAIRS**
**VA Regional Office**
**11000 Wilshire Blvd.**
**Los Angeles, CA 90024**

### DECLARATION OF ERIC COSTELLO

I, Eric Costello, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following:

I. I am the Veteran Readiness and Employment Officer for the Los Angeles VA Regional Office. This declaration is in response to the U.S. Court of Appeals for Veterans Claims April 7, 2022, in the matter of Mr. RASHID ABDUL ELMALIK, Petitioner No. 24-5450. In that Order, the Court instructed the Secretary to respond to Petitioner's petition. The facts attested to herein are based on my personal knowledge.

II.

1. **April 7, 2022:** Veteran Readiness and Employment (VR&E) received the Board of Veteran's Appeal (BVA) order noting a grant of purchase of new hardwood flooring, installation of automatic door openers, a complete two-story addition to the rear of the home and installation of a lift at the back of home.

2. **May 16, 2022:** VR&E completed the final payment to Moderno for the completion of the construction project which began on May 30, 2018. The project noted completion of an adaptative master bedroom, bathroom, new hardwood flooring in bedroom and tile flooring in bathroom, automatic doors on front door, master bathroom outside exit door and elevator doors, three-stop elevator in the home and two-stop elevator at the rear of the home.

3. **August 2, 2022:** VR&E received a medical opinion from Dr. Peter Glassman regarding additional nine matters remanded from the April 7, 2022, BVA ruling.

4. **August 22, 2022:** VR&E submitted a referral for the VR&E housing adaptation grant to request a Specially Adaptative Housing (SAH) Agent assist with the garage lighting and hardwood flooring.

5. **August 30, 2022:** VR&E issued a supplemental statement of the case (SSOC) to the Mr. El Malik.

6. **September 26, 2022:** Mr. El Malik responded to the SSOC.

7. **September 30, 2022:** VR&E provided Mr. El Malik with an updated SSOC. The Veteran requested a delay on returning the SSOC until his medical appointment on November 2, 2022.

8. **December 20, 2022**: VR&E issued an edited SSOC to the Veteran.

9. **December 22, 2022**: BVA remands the matter to VR&E for 90 days following November 28, 2022, correspondence to the Veteran that granted a 90-day extension to submit additional evidence.

10. **January 6, 2023**: VR&E sent a follow up letter to Mr. El Malik regarding the referral to SAH for using the VR&E housing adaptation grant.

11. **January 25, 2023**: Mr. El Malik declined to move forward with SAH on the hard-floor and garage light due to the method of procurement.

12. **March 17, 2023**: VR&E issued the SSOC to the Veteran.

13. **March 23, 2023:** The SSOC was returned to BVA.

14. **July 31, 2023**: BVA remanded the matter to VR&E for more development prior to final adjudication of the claim on appeal.

15. **November 24, 2023**: VR&E sent a third letter to the Veteran requesting information about names, addresses, dates of treatment of all medical care providers, VA, and Non-VA.

16. **February 22, 2024**: Mr. El Malik provided contact information and dates of service for all medical providers.

17. **April 5, 2024**: an independent medical opinion was completed.

18. **May 3, 2024**: Supplemental Statement of Case (SSOC) was issued. This SSOC noted three of the four grant issues had been implemented; however, the remaining matter was intertwined with remand matters which denied the requested items.

19. **May 6, 2024**: Mr. El Malik responded to the SSOC

20. **May 13, 2024**: Mr. El Malik provided additional information regarding the SSOC.

21. **June 24, 2024**: VR&E returned the completed remand to BVA and informed Mr. El Malik of this action.

22. **June 25, 2024**: Docket notification letter sent by the Board.

23. **June 27, 2024**: Mr. El Malik confirmed to BVA that he has no additional materials to submit.

24. **September 4, 2024**: VR&E informs Mr. El Malik by email that the May 2024 SSOC contains VBA's positions on the remanded items.

I certify, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Executed on Monday September 23, 2024.

ERIC
COSTELLO

Digitally signed by
ERIC COSTELLO

**Eric Costello, VREO**

# EX B

**From:** "Apodaca, Joey" <Joey.Apodaca@mail.house.gov>
**Date:** August 26, 2024 at 4:35:30 PM PDT
**To:** rashid el malik sr <elmaliksr@gmail.com>
**Subject: RE: Congressman Lieu's Office**

Hello Mr. El Malik,

Thanks for your message. I will do my best to offer some clarification.

1. Our most recent inquiry, sent on August 20, was sent to both the BVA and the regional office simultaneously. The August 23 response below was sent from the BVA.

2. On August 8, the BVA's Office of Litigation Support & Customer Service did confirm receipt of the Clarification Memo, but stated that "The Board is aware of the November 2022 Clarification Memo, which is associated with the claims file; however, there is no action for the Board to take in response to it. The Board does not implement Board decisions. Please contact the...Regional Office for further assistance."

3. I then shared that key information, that the BVA will not be responding to the Regional Office's Clarification Memo, with the LA Regional Benefits Office this past Friday, and am currently awaiting response regarding what the next steps are.

I certainly understand your frustration after such a long wait for necessary safety upgrades to you home. I do think that forcing the 2 agencies to finally face each other last week was a positive development that will hopefully lead to some action soon. I will follow up with the Regional office going forward until they respond.

Sincerely,

Joey Apodaca
Deputy District Director for Casework
Congressman Ted Lieu (CA-36)
Los Angeles Office: 323-651-1040

# EX C

**Department of Veterans Affairs**

# Memorandum

Date:     November 1, 2022

From:    Linda Steffensmeier, Veteran Readiness and Employment Officer

Thru:     Emmett O'Meara, Director, Los Angeles Regional Director

Subj:    Clarification request on grant and remand matter

To:       Board of Veteran Appeals

Los Angeles VR&E is working on the remand for Claimant, Rashid El Malik that was issued April 4, 2022.   The first SSOC was submitted to the claimant on August 30, 2022.  Mr. El Malik responded to the SSOC on September 26, 2022.  VR&E issued a response SSOC to him on September 30, 2022.

His appeal has not been returned to the board yet as Mr. El Malik has requested a delay in the SSOC response to get a medical opinion from the Long Beach VAMC.  Mr. El Malik indicates the Long Beach VAMC will be addressing the board's medical opinions. His appointment with the medical center is on November 2, 2022.   The appeal will be returned to the board once his medical opinion is completed and the SSOC is revised.

In the SSOC, VR&E is requesting clarification on services granted by the Board of Veteran Affairs (BVA) regarding Rashid El Malik on April 4, 2022.

BVA has indicated the following services were granted.

- The evidence is at least in approximate balance as to the necessity of additional equipment purchases/home modifications, including purchase of new hardwood flooring, installation of automatic door openers, a complete two-story addition to the rear of the home, and installation of a lift at the back of the home have been met 38 U.S.C 3104, 3109, 3120: 38 C.F.R 21.160, 21.161.

**Hardwood Flooring**

A referral to the VR&E Housing Adaptation Grant process was provided to the Phoenix Regional Loan Center on August 22, 2022, for assignment to an SAH agent to evaluate and coordinate hardwood flooring and garage lighting. In the recent home modification project, hardwood flooring was provided in the master bedroom and tile flooring in the

master bathroom; therefore, flooring will not include the master bedroom or bathroom. In addition, the Veteran was provided with an elevator within the home to access his multiple floors; therefore, hardwood flooring will not be required on stairways.

### Lift on back of house

In the VR&E home modification project that was completed in May 2022, a residential elevator lift was installed on the back side of the house for direct access from the home to the outside lower level. This elevator is located on the main floor family/living room. Mr. El Malik has access to the exterior area of his home. VR&E has provided this lift at the rear of the home. The change order noted the blueprint of the home and completed photos are uploaded in VBMS.

Based on the completion of the lift on the back side of house, VR&E requests confirmation that the grant matter is completed when the elevator was constructed and installed on the Veteran's home as part of the Moderno contract from May 2018 completed May 2022.

### Automatic Door Openers

Installation of automatic door openers have been installed during the VR&E home modification project ending in May 2022. Automatic door openers were installed on the front double doors, master bathroom exit door and all interior and exterior elevator doors. Automatic door openers were not installed in living room sliding glass door, dining room sliding glass door and kitchen door. These doors do not lead to a safe exit for fire hazard purposes,

Based on the installation of automatic door openers already installed on front double doors, master bathroom exit door, and all elevator doors, VR&E is requesting additional clarification on the grant for additional automatic door openers.

### Two-Story Addition to the back of Home

VR&E is requesting clarification from BVA on purpose of the constructing of a complete two-story addition at the rear of the home. The Veteran has been provided with fully accessible bedroom and bathroom. The issue of a complete two-story addition is related to the current remand instructions. The initial request from Mr. El Malik for the two-story addition at the rear of home that will extend the kitchen, living room, master bedroom, lower- level bedrooms, stairway area and family room, new flooring in proposed addition, replacement of wood decks, downstairs installing a new bathroom, extension of rear bedroom to create space for walk-in closet and work out room. These home modifications are being addressed in the SSOC.